962 F.2d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
James FABER, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Frank Eark MCBRIDE, Defendant-Appellant.
 Nos. 91-5434, 91-5435.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 8, 1992
Decided: May 19, 1992
 
 William T. Toal, Johnson, Toal & Battiste, P.A., Columbia, South Carolina, for Appellants.
 E. Bart Daniel, United States Attorney, John M. Barton, Assistant United States Attorney, Columbia, South Carolina, for Appellee.
 Before PHILLIPS, HAMILTON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Faber and Frank McBride, both South Carolina state legislators who were caught in the "Lost Trust" investigation, pled guilty to conspiracy to commit extortion under color of official right (18 U.S.C. § 1951 (1988)). Both received downward departures for substantial assistance from the sentencing guideline range, which in each case was twenty-seven to thirty-three months. Each received a sentence of twelve months. At their joint sentencing hearing, after Faber's sentence was imposed, the attorney representing both Faber and McBride asked why Rick Lee, another "Lost Trust" legislator who cooperated after his guilty plea, had received a downward departure to probation. The court explained that the departure in that case was for reasons which came to the court's attention during an in camera hearing during Lee's sentencing, and were unrelated to Faber and McBride's cases.
 
 
 2
 In this appeal, Faber and McBride contend that unspecified information presented to the sentencing court at the Lee in camera hearing may have influenced the court's decision to grant them a lesser departure than Lee received.* They claim that the failure to reveal to them what transpired at the in camera hearing violates due process by denying them an opportunity to respond to it. They also suggest, for the first time, that race may have been a factor which influenced the sentences they received.
 
 
 3
 Under 18 U.S.C. § 3742 (1988 & Supp. II), a defendant may appeal a sentence imposed in violation of law, a sentence imposed as an incorrect application of the guidelines, a sentence which is greater than the guideline sentence, or a sentence which is unreasonable when there is no applicable guideline. Faber and McBride do not argue that their guideline sentences were incorrectly calculated. Their sentences were not greater, but less than, the guideline sentence. That they disagree with the extent of the downward departure they received provides no basis for an appeal. See United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S. 1990); see also United States v. Harotunian, 920 F.2d 1040 (1st Cir. 1990).
 
 
 4
 A sentence imposed in violation of due process would be one imposed in violation of law, and thus appealable. Faber and McBride claim, but do not demonstrate, that they were similarly situated with Lee, and should have received an equal departure. They allege that, because they did not, their sentences "on their face appear racially motivated." However, the record does not establish that they were in fact similarly situated with Lee, and is devoid of any evidence of racial bias on the part of the sentencing court. We are unpersuaded that their sentences constituted a manifest injustice.
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 6
 *The low end of Lee's guideline range was twenty-one months.